No. 14,097.

## JENKINS v. COMPTON ET AL.

WILL.—*Construction of.*—*Widow.*—*Life-Estate.*—One of the items of a will was as follows: "I will and bequeath to my wife, H. E. C., all my real estate and personal property for her maintenance and the maintenance of my four children (naming them); my said wife shall have full control and management of my said property, to sell or dispose of any or all of said property, and to collect all debts due me, and to do any and all things necessary to fully settle up my estate without administration, or being accountable to any person, court or tribunal." It was provided further, in another item, that any of the estate remaining after the death of the testator's wife should go to his children in equal portions. There were other items providing that the wife should manage the estate, school the children, with directions as to the building of a house, and as to the manner of controlling the estate. The widow having married after the death of the testator, had one child by her second husband, and afterwards died; and after her death the child died. The children by the first marriage all survive, and the land devised was never sold.

*Held*, that the wife took only a life-estate in the land, with a power of disposition limited to the purposes named in the will, and that neither her husband nor her child by him took any interest in the land at her death.

From the Pulaski Circuit Court.

*W. Spangler* and *H. A. Steis*, for appellant.

*N. L. Agnew* and *B. Borders*, for appellees.

OLDS, J.—This was an action of partition. Runion Compton died testate, the owner of the real estate described in the complaint.

So much of the last will and testament as is material in the decision of this case reads as follows:

"*First.* I will and bequeath that my funeral expenses and just debts be first paid out of my estate.

"*Third.* That after the payment of my said debts, if there shall be any, I will and bequeath to my beloved wife, Harriet E. Compton, all my real estate and personal property

for her maintenance and the maintenance of my four beloved children, Bertha, Guy Ora, Ersa Frances, and Ida Elsa; that my said wife shall have full control and management of my said property, to sell or dispose of any or all of said property, and to collect all debts due me, and to do any and all things necessary to fully settle up my estate without administration, or being accountable to any person, court or tribunal.

"*Fourth.* I further will that should there be any of my estate remaining after the death of my wife, the same shall go to my children in equal portions, except to my son Guy Ora Compton five hundred dollars less than to my other children that may be living.

"*Fifth.* I will that my wife shall comply with the conditions of a certain bond made to C. R. Parcell and John W. Hawkins, when they shall comply with the conditions set forth in said bond.

"*Sixth.* It is my will that my wife build a suitable dwelling-house on the land lately bought of William Compton's heirs, and that said farm be improved and clover be raised on any part of the land needing the same. And it is my will that my wife give my son Guy Ora a good horse when he becomes of age.

"*Seventh.* I further request that my beloved wife manage my estate to the best of her ability, and that my children be schooled in the public schools, that they may have as good an education as possible."

After the death of Runion Compton his widow married the appellant, by whom she had one child born to her as the fruits of such marriage, after which she died, and after her death the child by the last marriage died. The children by the first marriage all survive, and the land devised by the will never was sold. The appellant contends that Harriet E. Compton, wife of Runion Compton, took a fee simple interest in the land by the will of her husband, and that at her death the appellant took an undivided one-third interest

in fee by descent from his wife, and that the child by the last marriage also inherited equally with the children of Runion Compton, and at its death he inherited one-half of the interest owned by such child in the real estate.

The material question to be determined is as to the effect of the will of Runion Compton, and the construction to be given to it.

It is a well-established rule for the construction of wills, that the entire instrument must be construed together, and that the intention of the testator expressed, when taken as a whole, must be given effect unless inconsistent with some established rule of law. *Jackson* v. *Hoover*, 26 Ind. 511; *Critchell* v. *Brown*, 72 Ind. 539; *Shimer* v. *Mann*, 99 Ind. 190.

Taking the will in this case as a whole, the conclusion must evidently be reached that the testator's intention was to give to his wife the use, management and control of his entire estate during her life, for the purpose of settling his estate and supporting herself and his children named in the will, and for the purpose of educating the children, and if it became necessary for the purpose of paying his debts, settling his estate, or supporting herself and children, then and in that event she should have the full power to sell both the personal and real estate, and use the proceeds for that purpose without accounting to any person or court, but whatever remained undisposed of and unconsumed for such purpose at the date of the death of his wife, should go to his children in the proportion stated in the will. It is evident that the testator did not intend the wife to take more than a life-estate or the use of the property during her life, unless it became necessary for her to use the principal, or a portion of it, for the purposes named, and in that event he intended to place it in her power to sell and dispose of it without unnecessary expense or being compelled to give bonds or render an account, and that whatever should remain at her death should go to his children.

To place the construction on the will contended for by the appellant would render a portion of the will meaningless, and require it to be treated as surplusage. If the widow took a fee, then the provision giving her full control and power to sell, without accounting, is surplusage, and the provision that if there be any of the estate remaining at the death of his wife, it shall go to his children, is meaningless and of no effect.

It is further provided for the building of the house, and manner of controlling his estate. Such a construction would be against the well-recognized rule for the construction of wills.

It is contended by counsel for appellant that giving the right to sell and dispose of the estate gave to her a fee, and the subsequent provisions are void. We can not adhere to this doctrine, and it is contrary to the decisions of this Court. The case of *Wood* v. *Robertson*, 113 Ind. 323, is in point on this question. The language of the will in that case was: "I give and devise to my beloved wife the farm on which I now reside, as well as all my other real estate of which I may die legally possessed ; also, all the personal property of whatever description of which I may die the owner, to have and to hold during her natural life, and at her death it is my will that whatever remains of my estate, whether real or personal property, in the hands of my wife, shall be equally divided among my children," etc. The Court in that case say : " The testator intended by this will to devise to his wife an estate for life, and to give his children living at her death, and the descendants of such as were then dead, a vested remainder. It is true, the testator added to the life-estate a power of disposition, but this does not change the effect of the will upon property remaining in the possession of the widow at the time of her death." The Court further say : " If this conclusion be not correct, then all the provisions of the will concerning advancements, as well as the clear provision directing what disposition shall be made of property in the hands of the

widow at the time of her death, must be thrust aside as meaningless. But these provisions are not without meaning, and were not idly written in the will, nor were they employed by mistake, and they can not, therefore, be disregarded."

The language quoted applies with full force to the will in this case. Although the words "for life" are not used in the will, yet when the will is taken as a whole it as clearly appears that the devise was "for life" as if those words were used.

Construing the will as we do, the wife, Harriet E. Compton, took only a life-estate in the land, and neither her husband, the appellant, nor the child born of her marriage with the appellant, took any interest in the land at her death.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 3, 1890.