# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TER⋅ [, 1890, IN THE SEVENTY-FIFTH YEAR OF ⌐ ⋅ STATE.

---

## No. 14,772.

### NEELY ET AL. *v.* BOYCE ET AL.

WILL. — *Life-Estate.* — *Power of Sale.* — A testator devised all his real estate to his wife " for and during the time of her natural life," with directions to her to conduct the farming operations thereon in the same manner as the testator would do if he were still living, with a view of keeping their children " together at home so long as they may be under the age of twenty-one years, and may desire to remain," with a gift to her of all the interest on his money, and other annual profits of his "estate for her maintenance and the support" of their family " so long as she shall live ;" and provided that at her death all his realty and personalty remaining should be divided among their children, share and share alike; and also provided that, in order to pay debts, costs of administration, or for the payment of any sum given by the will, the executors could sell and convey at any time, without an order of court, on such terms as they saw fit, any of the real or personal property of the testator, except the home farm, unless in case of the most absolute necessity.

*Held,* that the will vested in the wife a life-estate in the land and the fee in the children, subject to be divested only in case a sale became necessary to pay debts, costs of administration, or any sum provided by the will to be paid.

DEED. — *Warranty.* — *Estoppel.*— *Subsequently Acquired Title.*— Any subsequently acquired title by a grantor in a warranty deed to the premises conveyed by him inures to the benefit of the grantee, and such grantor is estopped to claim title thereto.

From the Delaware Circuit Court.

*C. E. Shipley, R. S. Gregory* and *A. C. Silverburg,* for appellants.

*J. R. McMahan* and *E. M. White,* for appellees.

OLDS, C. J.—The appellee James Boyce brought this suit by filing his complaint in the court below against Charles F. W. Neely, Sarah E. Neely, his wife, and Mary A. Neely, in which it is alleged that on the 7th day of November, 1885, Charles F. W. Neely, by his promissory note, promised to pay to the order of N. F. Ethel, one year after date, the sum of $1,500, with 8 per cent. interest and 5 per cent. attorney's fees; that on said date, by his certain other note, he promised to pay to said Ethel, two years after date, the sum of $2,000, with 8 per cent. interest, and 5 per cent. thereon for attorney's fees, and that each of said notes was endorsed by the plaintiff, James Boyce, under and by the name and style of James Boyce & Co.; that on said same date said defendant Charles F. W. Neely, by his certain other note, promised to pay the plaintiff, Boyce, in four years after date, the sum of $2,500, with five per cent. thereon for attorney's fees, and eight per cent. interest thereon, payable annually from date; that each of said notes was made payable at the Citizens' National Bank of Muncie, Indiana—copies of each are filed with and made a part of the complaint, marked, respectively, exhibits A, B, and C; that at the time of the execution of the notes said defendant Charles F. W. Neely executed a mortgage to the plaintiff, Boyce, to secure the payment of said note, for $2,500, when the same should become due, and to indemnify him and secure him against any and all loss he might sustain by reason of having become indorser for said defendant Charles F. W. Neely on said two notes payable to the order of said Ethel—a copy of the mort-

gage is filed with and made a part of the complaint, marked
" Exhibit D ;" that said Charles F. W. Neely, by the terms
of said mortgage, conveyed to the plaintiff, for the purpose
thereof, the undivided seven-tenths ($\frac{7}{10}$) of the real estate
therein described, and the whole of the personal property in
said mortgage described; that said mortgage was duly re-
corded in the recorder's office of Delaware county, Indiana,
on the 7th day of November, 1885; that said note for $1,500
became due on the 10th day of November, 1886; that said
defendant paid thereon the sum of $620, and plaintiff, as in-
dorser thereon, was compelled to pay and did pay thereon,
the sum of $1,000, the balance due on said note at said date,
and the defendant has not repaid to him any part of said
amount, except the sum of $200, which sum he paid plaintiff
on the 11th day of March, 1887; that there is now due the
plaintiff thereon the sum of $800, together with accrued in-
terest; that after the execution of said note for $2,000 to said
Ethel, he, said Ethel, indorsed said note to plaintiff,
a copy of which endorsement is filed with and made a part
of the complaint, as shown by " Exhibit B ; " that the plain-
tiff now holds and is the owner of said note; that the same
is now due and wholly unpaid; that plaintiff paid for said
note the sum of $2,000 on the 2d day of April, 1886; that
there is now due the plaintiff interest on the $2,500 note the
sum of $200, which is wholly unpaid and no part of said
note has been paid; that at the time of the execution of
said notes and mortgage said defendant Charles F. W. Neely
was unmarried; that he has since intermarried with his co-
defendant Sarah E. Neely, who is now his wife, and is made
a party hereto to answer as to any interest she may have or
claim to have in said property, or any part thereof; that
after the execution of the mortgage, and the marriage of
said defendant Charles F. W. Neely, he executed a deed, in
which his said wife joined, conveying the real estate de-
scribed in said mortgage to their co-defendant Mary A.
Neely; that said conveyance was made subject to said

mortgage lien, and said Mary A. Neely accepted said. deed with the stipulation therein that she assumed the payment of said mortgage, and she is made a party hereto to answer as to any interest she may have in said real estate by virtue of said deed; that said real estate can not be sold in parcels without injury to the interests of the parties interested therein; that the personal property described in said mortgage is worth less than the amount of the indebtedness now due, and will not sell for enough on execution to pay said indebtedness now due and secured by said mortgage. Prayer for judgment for $1,500 and the foreclosure of said mortgage, etc.

On their own application and motion, Laura C. Friend, Lenora J. Bergenthal, Sarah F. Russey, Cary O. Neely, Emma Neely, Cyrus G. Neely and Kate Neely were made parties defendant, and permitted to defend the suit.

The defendants Charles F. W. Neely and wife did not appear, and were defaulted.

Cyrus G. Neely and Sarah F. Russey each file a separate answer.

The first paragraph of the answer of Sarah F. Russey is a general denial. The second paragraph is an answer to so much of the complaint as seeks a foreclosure of the mortgage against the one undivided tenth part of said real estate, and she alleges that on the — day of January, 1868, one Moses L. Neely died at the county of Delaware, the owner in fee and in full possession of the real estate described in the complaint, leaving Mary A. Neely, his widow, and ten children him surviving, of whom said Sarah F. Russey is one, his only children and heirs at law; that said Moses L. Neely, at his death, left his last will and testament, duly executed, signed, sealed, published, and declared by him to be such, and attested on the 7th day of January, 1868, which will and testament was duly proved and admitted to probate on the 18th day of January, 1868, and recorded, etc., which will and probate thereof remain in full force

and validity ; that by said last will said testator disposed of his said real estate as follows :

"I give, bequeath and devise to my wife, Mary Ann Neely, as follows [describing the same]. For and during the time of her natural life, I give to her all my real estate, and I devise and direct that she shall conduct the farm operations upon my farm in the same manner as I should do were I still living, with that view, keeping our children together at home so long as they may be under the age of twenty-one years, and may desire to remain ; that I give to her all the interest upon my money, and all other annual profits of my estate, for her maintenance and the support of our family so long as she shall live." And he appointed his wife, Mary A. Neely, and his son, Cyrus G. Neely, joint executor and executrix of his said last will.

It was further provided by the will that " at the death of his wife all his estate, real and personal, remaining, shall be divided between their children, share and share alike," the child, or children, of such as may be deceased at that time to take the respective shares of their parents. It was also provided that, in order to pay debts, expenses of administration, or for the payment of any sum provided by the will, it should not be necessary for the executors, or either of them, to procure an order of sale of property from any court, or authority whatever, but they are fully authorized, in any manner, and at any time that they may deem fit, and on such terms as they may prescribe, to make sale of any of the real estate, or personal property, for such purpose ; but the home farm shall not, nor shall any part of it, be sold, except in case of the most absolute necessity.

The will further provided that the executors, and the survivors of them should remain such in order to hold the surplus of the personal estate until the decease of his widow. It is further alleged that the widow, Mary A. Neely, is yet living, and that in and by said will, and under the several devises and directions therein contained, and under the

provisions thereof, no interest, title, remainder, or estate, in and to the real estate named in said will vested in any of the children, or grandchildren of said testator at the death of said Moses L. Neely, and no title, interest, or estate, in possession, or in remainder, or expectancy, will vest in any of such children, or grandchildren, until the death of the said Mary A. Neely, his widow ; that the real estate named in the complaint in this action, and in the mortgage therein set forth, is the same real estate named in said will as the home farm of said testator ; that said defendant, under date of July 1, 1884, executed to the said Mary A. Neely a deed purporting to convey to said Mary A. Neely from the said Sarah F. Russey, as one of the ten equal heirs of said Moses L. Neely, deceased, the undivided one-tenth part of said real estate, said deed being recorded, etc.; that at the time she executed said deed this defendant was, and for more than ten years previous thereto had been, the wife of one James H. Russey, who did not sign nor execute, nor join with this defendant in the execution thereof, and said conveyance was and is void, and conveyed no title from this defendant, or to said Mary A. Neely ; that afterwards, on July 31st, 1884, the said Mary A. Neely conveyed said undivided one-tenth of said real estate to said Charles F. W. Neely, as shown by deed recorded upon page 60 of book 54 of the deed records of said county ; that said Charles F. W. Neely, by deed recorded on page 532 of book 54, executed a deed purporting to convey said undivided one-tenth of said real estate to Cyrus G. Neely, who, by deed recorded on page 18 of book 56 of the deed records of said county, under date of 1886, pretended to convey said undivided one-tenth of said real estate to said Charles F. W. Neely, who afterwards executed a deed purporting to convey said undivided one-tenth of said real estate to said Mary A. Neely ; that said deeds and each of them were and are without any consideration whatever, and convey no interest or title from said defendant, Sarah F.

Russey, in and to said real estate; that said widow, Mary A. Neely, after the probate of said will, elected to take her portion of the estate of her said husband under said will and not under the law.

The first paragraph of the answer of the defendant Cyrus G. Neely is a general denial. The second alleges the same general facts that are alleged in the second paragraph of answer of the defendant, Sarah F. Russey, and follows with the averments that on June 25th, 1884, Laura C. Friend and Lenora J. Bergenthal, two of the children of said testator, jointly with their husbands, executed a deed purporting to convey to the said Mary A. Neely the undivided two-tenths of said real estate, and, on July 1st, 1884, Sarah F. Russey, one of the children of said testator, who then was and now is the wife of James H. Russey, jointly with Cary O. Neely, Emma Neely, Kate Neely and Charles F. W. Neely, four of the other children of said testator, executed a deed purporting to convey to the said Mary A. Neely the undivided five-tenths of the real estate named in said complaint, and purporting to convey one-tenth hereof from each of the five persons so executing said conveyance, as one of the ten equal heirs of said testator; that the said husband of Sarah F. Russey did not join with his said wife in the execution of said conveyance, nor did he execute the same, whereby the said deed as to the said Sarah F. Russey was and is wholly void and conveyed no real estate from her to the said Mary A. Neely; that afterwards, on the 9th day of August, 1884, the said Charles F. W. Neely caused to be recorded upon page 60 of book 54 of the deed record of said county of Delaware, a pretended deed, bearing date of July 31st, 1884, purporting to have been executed by said Mary A. Neely to convey to the said Charles F. W. Neely the undivided seven-tenths of said real estate named in the complaint, together with her life-estate therein; that no more than six-tenths of said real estate had ever been conveyed to the said Mary A.

Neely before that time and in addition to the estate de-
vised to her by the will aforesaid, whatever that may be;
the said Mary A. Neely, if she executed said last named
deed at the date of its execution, owned only six-tenths of
said real estate, if she owned any; that on the 9th day of
January, 1885, the said Charles F. W. Neely executed to
the said Cyrus G. Neely, this defendant, without the knowl-
edge of said Cyrus, a deed conveying to him, this defendant,
the undivided seven-tenths of the real estate named in the
complaint, and without the knowledge of this defendant;
and on the 17th day of February, 1885, caused said deed to
be recorded on page 532 of book 54 of deed records of said
county of Delaware; that after said deed had been so re-
corded, upon learning of the execution and record of the
deed last named, without any consideration whatever, and
for the sole purpose of reconveying to said Charles F. W.
Neely whatever interest and the same title and interest in
said real estate conveyed by said Charles F. W. to him by
said deed, this defendant executed and delivered to the said
Charles F. W. a deed purporting to convey to said Charles
F. W. seven undivided tenths parts of the said real estate;
that this defendant, at the time he executed said deed, knew
nothing as to the execution of said deed by said Sarah F.
Russey, and knew nothing as to the validity or invalidity
of said deed, but executed his deed to Charles F. W. rely-
ing upon the statement of Charles F. W. that he had con-
veyed seven-tenths to this defendant, and for the purpose
of reconveying what had been so conveyed to him to the
said Charles F. W. he executed said deed, and thereafter
the said Charles F. W., after having executed the mortgage
set out in the complaint, conveyed said real estate to said
Mary A. Neely; that all of said deeds were executed with-
out any consideration whatever; that this defendant has
never conveyed to the said Charles F. W., nor to any other
person, the interest, title or estate devised to him in and by
the will aforesaid, but is still the owner thereof in the same

manner and to the same extent as in said will provided, and the one-tenth so devised to him in and by said will is not liable under said mortgage nor encumbered thereby.

The defendants Laura C. Friend, Lenora J. Bergenthal, Sarah F. Russey, Cary O. Neely, Emma Neely, Cyrus G. Neely, Mary A. Neely, and Kate W. Neely, filed a joint answer in two paragraphs, the first being a general denial, and the second alleges substantially the same facts that are alleged in the second paragraph of the separate answer of said Cyrus G. Neely.

The plaintiff filed a separate demurrer to the second paragraph of each of said several answers for want of facts, which demurrer was overruled and exceptions reserved.

The plaintiff Boyce filed a reply to the second paragraph of the answers of the several defendants, in which he admits that on the ——— day of January, 1868, one Moses L. Neely died, at Delaware county, Indiana, the owner in fee, and in possession, of all the real estate described in the complaint; leaving the defendant, Mary A. Neely, his widow, and ten children him surviving, of whom defendants are seven, his only heirs at law; that said Moses L. Neely died testate, and left his last will and testament, which was duly probated January 18th, 1868, a copy of which will is set forth in defendant's joint answer, but avers that under the terms and provisions of said will said widow received a life estate in said real estate, and said children a vested interest in fee therein, subject only to said life estate; that on the 25th day of June, 1884, said Laura C. Friend and Lenora Bergenthal, together with their husbands, by warranty deed, conveyed to defendant Mary A. Neely the undivided two-tenths part of said land for a consideration of one dollar, as expressed in said deed; that said deed was duly recorded in the recorder's office of said county, in book 54, p. 56, on the 9th day of August, 1884; that on the 11th day of July, 1884, the defendants Charles F. W. Neely, Sarah F. Russey, Cary O. Neely, Emma Neely, and Kate W. Neely,

executed a deed to said Mary A. Neely, conveying to her the undivided five-tenths of said real estate, by deed of general warranty, for a consideration of one dollar each, including said Sarah F. Russey, said Sarah F. Russey being described in said deed as unmarried; that said deed was duly recorded in book 54, page 56, of deed records of said county; that afterwards, on the 31st day of July, 1884, said Mary A. Neely, by her warranty deed, conveyed to defendant, Charles F. W. Neely the undivided seven-tenths of said real estate in consideration of ———, as expressed in said deed, and that said deed of conveyance was duly recorded on the 9th day of August, 1884, in deed record 54, at page —; that afterwards, on the 9th day of January, 1885, said Charles F. W. Neely, by his warranty deed, for and in consideration of the sum of $7,500, as expressed in the deed, conveyed to defendant, Cyrus G. Neely, the undivided seven-tenths of said real estate; said deed was duly recorded on the 18th day of February, 1885, in book 59, at page 28, of deed records of said county; that on the 17th day of February, 1885, said defendant, Cyrus G. Neely, by warranty deed, reconveyed said undivided seven-tenths of said real estate to said Charles F. W. Neely for a consideration, expressed in said deed, of $7,-500, and said deed was duly recorded on the — day of———, 1885, in book —, page —, of deed records of said county; that while said Charles F. W. Neely held said undivided seven-tenths of said real estate, and after each and all conveyances made by deeds containing covenants of general warranty warranting the title thereto had been placed of record, he executed the mortgage sought to be foreclosed in plaintiff's complaint; that plaintiff loaned to said defendant money to the amount of $2,500, the amount of the note described in plaintiff's complaint as having been executed to plaintiff, the same being the consideration, and the only consideration, for said loan, said loan being made on the strength of the security described in said mortgage and the title

thereto as shown of record; that plaintiff purchased the other two notes on the strength of said security and title, believing that the same was valid and binding, as shown of record; that he had no knowledge whatever of any understanding or misunderstanding or agreements between defendants privately, but had only such knowledge of such conveyances as appears of record, and as is herein set forth; that he invested his money in good faith on his part. It is further averred that afterwards, on the 29th day of April, 1887, said Charles F. W. Neely, while said mortgage was on record, conveyed said real estate to said Mary A. Neely, that is to say, he conveyed said seven-tenths by warranty deed, except as to said mortgage; that in said deed of conveyance there was a special agreement between said Charles F. W. and Mary A. Neely that she assumed the payment of said mortgage, said stipulation being a part of the consideration therefor; that said Mary A. Neely has not lived upon said farm for more than eight years last past; that each and all of the children mentioned in said will are more than twenty-one years old, and none of them are supported by said Mary A. Neely.

Plaintiff also filed a second paragraph of answer in general denial.

The defendants demurred to the first paragraph of the reply for want of facts, which demurrer was overruled and exceptions reserved. Plaintiff filed a supplemental complaint, after the note for the two thousand dollars became due, asking judgment for the two thousand dollars and interest.

There was a trial and finding, and judgment for the plaintiff against all of the defendants, except Sarah F. Russey; the finding was only for the amount paid by the appellee as indorser, with six per cent. interest, and not for the eight per cent. interest and attorney's fees on said notes, as stated in the notes.

Cyrus G. Neely and Mary A. Neely filed a separate motion for a new trial. The other defendants against whom

judgment was rendered filed a joint motion for a new trial, which was overruled and exceptions taken. The defendant Sarah F. Russey having judgment in her favor, we do not deem it necessary to consider any question in relation to her rights in the matter.

The complaint, it will be noticed, charges nothing against any of the appellants. It is a complaint against Charles F. W. Neely and his wife, and Mary A. Neely, for personal judgment against Charles, and for foreclosure of the mortgage against all of the defendants named in the complaint. The appellants, on their own motion, were made parties to defend against the action. They do not ask that any averments be made against them in the complaint, and none are made.

The answers are pleaded as a defence to the complaint against the foreclosure of the mortgage. There is no affirmative relief asked. The answers set out the conveyances made by the defendants, and, if good, must be so on the theory that the fee to the real estate did not vest in the children under and by virtue of the will.

By the terms of the will the widow was given a life-estate in the land, and at her death it was devised to his children, share and share alike; the child or children of such as are dead to take the share of their parent. It specially enjoins upon the wife that she should keep the home farm, and farm it the same as the testator would do if still living. It grants to the executors the right to sell any portion of the estate which may be necessary to pay debts, costs of administration and any sum to be paid by the will, without order of court. The will, as we construe it, vested in the widow a life-estate and the fee in the children, subject to being divested only in case a sale became necessary to pay debts, costs of administration, or any sum provided by the will to be paid. *Jenkins* v. *Compton*, 123 Ind. 117; *Levengood* v. *Hoople*, 124 Ind. 27; *Koons* v. *Mellett*, 121 Ind. 585.

The children were all of age, and seven of them conveyed

their interest in the real estate, by warranty deed, to the widow, and she conveyed the seven-tenths to her son Charles F. W., by warranty deed, who conveyed the same to Cyrus G. Neely for a consideration, as stipulated in the deed, of $7,500, and he reconveyed the same back by warranty deed, naming the same consideration. Then Charles F. W. Neely executed the mortgage in suit, and after the execution of the mortgage he reconveyed the seven-tenths of the real estate to his mother, the widow, and as a part of the consideration she assumed and agreed to pay the mortgage debt. There is no averment of knowledge on the part of the mortgagee as to any fraud or invalidity in the deeds. The answers do not plead any valid defence to the foreclosure of the mortgage, and even if they did, the reply alleges the conveyances to have been by warranty deeds, in which all the defendants, who are appellants, join, and they are estopped from setting up any title to the land against their grantees and those claiming under them.

It is well settled that any subsequently acquired title by a grantor in a warranty deed to the premises conveyed inures to the benefit of the grantee. If the grantors in the several deeds had title at the time of the conveyance it passed by the deeds, or if they acquired any afterwards and before suit, it inured to the benefit of their grantees, and if they have not had any title at all to the real estate, then they have no interest in the result of the suit whereby they can prevent a foreclosure of the mortgage.

In any event, there is no error in the rulings upon the pleadings of which they can complain. Nor is there any error in the amount of the recovery, of which appellants can complain. They having no interest in the real estate, it is immaterial to them for what amount judgment was rendered. The complaint alleges the facts, and we see no reason why the appellee was not entitled to judgment for the amount he paid as indorser, with interest, even if he had no right of recovery upon the note. He was indorser on the note, and

the payor being insolvent, he had the right to pay it, and recover the amount paid, with interest, at least. We see no reason why the fact that he had the payee indorse the note to him should deprive him of the right to recover the amount actually paid, with interest.

What we have said disposes of the case upon the evidence, as the disposition of the case upon the evidence depends upon the construction placed upon the will, and effect to be given to the deeds.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 4, 1891.