# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

---

(No. 16164.—Decree affirmed.)

THEODORE W. ABENS *et al.* Appellants, *vs.* KATHERINE
ABENS KENNEDY *et al.* Appellees.

*Opinion filed October 28, 1924.*

1. WILLS—*when inconsistent words may be disregarded.* In-
consistent words in a will may be disregarded if the will without
such words is complete and will operate to carry out the intent of
the testator.

2. SAME—*when inconsistent provision for exercising option may
be disregarded.* Where the will clearly shows an intention of the
testator to give one of his sons an option to purchase his estate
from the testator's other children at a certain figure, making the
first payment within three years "from the beginning of the proba-
tion of my estate," and in the same clause there is a provision for
an estate in the testator's wife during widowhood, the provision
for time of payment under the option, being inconsistent with the
widow's estate, may be disregarded and the time for such payment
be construed to be three years from the death or re-marriage of
the widow.

DUNN, J., dissenting.

APPEAL from the Circuit Court of Kendall county; the
Hon. MAZZINI SLUSSER, Judge, presiding.

PEFFERS & WING, for appellants.

JOHN M. RAYMOND, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a bill to construe the last will and testament of Michael Abens, deceased. He died January 26, 1904. His will was admitted to probate in February, 1904. The administration of the estate was closed and the executors discharged on May 24, 1905. Abens left him surviving Maria Abens, his widow, (otherwise known as Mary Abens,) and Theodore Abens, appellant, Katherine Abens Kennedy and John Abens, appellees, as his children and only heirs-at-law. At the time of his death he was seized in fee-simple of the land in question, which he occupied with his wife as his homestead. He was also seized of 160 acres of land in Alabama, which is not involved in any of the issues in these proceedings. The will, after providing for the payment of debts, is in part as follows:

"I give and bequeath to my wife, Maria Abens, all of my personal property and the use and net income of my real estate, whatever the same may consist of, during the time of her natural life, provided she shall remain my widow, to her own use and control of all the property I may be possessed of at the time of my decease, subject, however, to certain provisions, as will hereinafter appear. After the death of my said wife, Maria Abens, my entire estate is to be divided equally between my three children, Katherine Abens Kennedy, John Abens and Theodore Abens, in manner following: My said son John Abens to have a preference as follows, that is to say, he, my said son John, may take as his share the entire farm which is now my homestead and being the land described in warranty deed from Abby A. Winans and husband to me, bearing date the 6th day of December, 1897, and recorded in the recorder's office of Kendall county on the same date, in book volume 46 of

warranty deeds, on page 395, supposed to contain about 96 acres of land. It is my will and desire that the same be valued at one hundred and fifteen ($115) dollars per acre, or a total value of eleven thousand and forty ($11,040) dollars, and that whatever proportion of this amount shall become payable to the other heirs, Katherine Abens Kennedy and Theodore Abens, to bring them up to an equal share in my estate, he, my son John, to pay such proportion to my daughter, Katherine, and my son Theodore, one-half in three years from the beginning of the probation of my estate and the balance in five years from the same time, with usual lawful interest; this, however, being left optional with my said son John either to accept the farm under the stated conditions or otherwise have an equal division between himself, my daughter, Katherine, and son Theodore of my entire estate, share and share alike, including all other lands I may be possessed of at the time of my decease."

The will also further provided that in case Maria Abens should re-marry, then in that event she should account for all personal property that came into her possession, and that the entire estate should be divided among the legal heirs of the deceased according to the laws of this State, the same as if the will had not been made.

The decree of the chancellor in construing this will found that Maria Abens, the widow of Michael Abens, took a life estate in the land in question, subject to being terminated upon her re-marriage, and that Katherine Abens Kennedy, John Abens and Theodore Abens each took an undivided one-third of the land subject to the life estate of Maria Abens, subject, also, to the option of John Abens to purchase the land at a valuation of $115 per acre, or a total value of $11,040, and that the term of said option was to begin at the time of the death of Maria Abens, and that John Abens should pay to Katherine, his sister, and Theodore, his brother, each a one-third portion of said $11,040, as follows: One-half three years from the date of the death of

Maria Abens and the balance in five years from said date. From this decree the complainant and the trustee for the creditors of the complainant prayed an appeal to this court.

It is conceded by the appellants that Maria Abens has a life estate in the lands in question, subject to be terminated by her re-marriage, but it is contended that the option to purchase by John Abens, under the terms of the will, is not valid unless John exercises his option to purchase within three years after the beginning of the probate of the estate, and that such term has expired; and that if this be not so, the provision or option to purchase violates the rule against perpetuities on account of the uncertainty of the event upon which the option depends.

It is apparent from the will itself that the time of payment under the option to John Abens is inconsistent with the other provisions of the will. In order to make the payment within three years from the beginning of the probate of the estate it would have been necessary, under the facts in the record, for John to have exercised his option prior to the death or re-marriage of Maria Abens, widow of the deceased, and therefore prior to the time when the gift over takes effect in possession. Taking the will as a whole, it seems clear that the testator intended that Maria Abens should have a life estate in the lands in question, subject to being divested upon her re-marriage. It is also clear that the testator intended to give the remainder, share and share alike, to the above named three children, and that this remainder vested in fee at the time of the death of the testator, with possession only postponed until the death of the widow or her re-marriage, with an option to John to take the entire farm at the fixed value of $11,040, and that he should pay to his sister, Katherine, and his brother, Theodore, their proportion of said amount in order that all three might share equally in the estate. It is likewise clear from the language of the will that no division of the estate is to take place until after the death of the widow or her re-

marriage. It would do violence to the intention of the testator thus expressed in his will to say that all of these provisions and conditions should go into effect upon the death or re-marriage of the widow, and at the same time hold that the time of payment of the *pro rata* shares to Katherine Kennedy and Theodore Abens should be made one-half in three years and the other one-half in five years from the probate of the estate and before the estate vested in possession. It is apparent that the testator desired to treat his children alike. To hold that John was by the will required to pay for two-thirds of this land before the death of the life tenant, though enjoyment thereof was postponed until that event, is inconsistent with such desire. It seems clear from the will itself that the exercise of the option to purchase by John must necessarily bear some relation to the time fixed by the testator for the division and distribution of his estate or the time when such estate shall vest in possession.

It is a rule that inconsistent words in a will may be disregarded if the will as it remains is complete and will operate to carry out the intent of the testator. (*Gano* v. *Gano,* 239 Ill. 539; *Blinn* v. *Gillett,* 208 id. 473; *Huffman* v. *Young,* 170 id. 290.) Applying this rule of construction here, it is seen that the intent of the testator is clearly expressed in the following language: "He, my son John, to pay such proportion to my daughter, Katherine, and my son Theodore, one-half in three years and the balance in five years, with usual lawful interest," thus showing that the time from which the above dates are to be computed is the time of the death or re-marriage of Maria Abens. The chancellor was correct in so holding.

The decree will be affirmed.

*Decree affirmed.*

Mr. JUSTICE DUNN, dissenting.