WEITZMANN *v.* WEITZMANN ET AL.

[No. 12,572. Filed March 14, 1928.]

*Howard L. Townsend* and *Albert E. Thomas,* for appellant.

*James M. Barrett, James M. Barrett, Jr.* and *Phil M. McNagny,* for appellees.

THOMPSON, J.—This was an action for partition, the amended complaint alleging that the parties thereto were the owners in fee simple, as tenants in common, of certain real estate, included in which was lot No. 3 in Spencer's Second Addition to the city of Ft. Wayne; that the parties to the action were the children and grandchildren of Franz Theobald Weitzmann, deceased, and their respective spouses; that the real estate was not susceptible of partition, and asked that a commis-

sioner be appointed to sell said real estate. There was an answer in general denial, and also a partial answer and cross-complaint by Paul Weitzmann, in which he alleged that he was the eldest son of Franz Theobald Weitzmann; that his father was by trade a tailor and that his place of business was located on the real estate described as lot No. 3 in Spencer's Second Addition to the city of Ft. Wayne; that he was engaged in business with his father from 1881 until his father's death, and that he was the only member of the family who continued in said tailoring business with his father; that his father died testate on February 22, 1920; that his will was probated in Allen county, Indiana, and recorded in Will Record 18, page 154; that, by the terms of said will, his father bequeathed to him the merchant tailoring stock and store furnishings; that his father devised and bequeathed to his mother a life estate in all of the real estate held by his father; that said will provided that after the testator's wife's death, if said lot No. 3 should have to be sold, the appellant herein should have the right to purchase the same for $16,000 if he desired to do so for business purposes; that, after his father's death, appellant desired to purchase said property, and that he was ready, able, and offered to purchase the same for $16,000; that appellant's mother died intestate on April 10, 1924; that in so far as the amended complaint asked for partition of said lot No. 3, appellant herein asked that the commissioner appointed by the court be ininstructed to sell the same to him for $16,000.

The court sustained a demurrer to the partial answer and cross-complaint, and appellant excepted and refused to plead further. There was a finding that the real estate was not susceptible of division, and judgment was rendered ordering the sale of said real estate and a division of the proceeds, and commissioners were appointed to sell the same.

The will, which was made a part of the partial answer and cross-complaint, reads as follows:

"I, Franz Theobald Weitzmann, of the City of Ft. Wayne, Allen County, State of Indiana, being of sound mind and memory, do make and declare this to be my last will and testament, to wit:

"First: All my just debts and funeral expenses shall be first fully paid.

"Second: I give, devise and bequeath my merchant tailoring stock and store furniture to my son Paul T. Weitzmann.

"Third: I give, devise and bequeath all the rest residue and remainder of my estate, both real and personal, to my beloved wife, Hulda Adelheid Weitzmann, to have, to hold to her my said wife, and to her heirs and assigns forever, and after her death it shall be divided equally amongst my children Felix T. Weitzmann, deceased (his heirs), Clara Beckstein, Paul T. Weitzmann, Max O. Weitzmann and Margaretha Reiter.

"Fourth: I nominate and appoint my said wife, Hulda Adelheid Weitzmann, to be the executor of this my last will and testament, and I nominate and appoint my son Paul T. Weitzmann, as the assistant of my said wife as executor, without to give bond and after my wife's death as her successor as executor of this my last will.

"Fifth: I give my wife Hulda Adelheid Weitzmann as executor the power and right to sell any real estate in case necessity should demand it, what she thinks just and right in her judgment.

"Sixth: If after my wife's death the store building on lot No. 3 Spencer's Second Addition, has to be sold and my son Paul T. Weitzmann wants to buy the same for business purposes, he shall have the privilege to purchase the same for $16,000."

Appellant contends that the court erred in sustaining the demurrer to the partial answer and cross-complaint. His contention is that, under Item No. 3 of the will, the widow takes a life estate in the real estate, and that the

children take by purchase and not by descent, while appellee contends that the widow takes a fee simple title to the real estate, and that the children take the land by descent as heirs of the widow.

In construing wills, we recognize the well-established rule that the intention of the testator is to be ascertained and, if possible without departing from the general purpose expressed in said will as a whole or violating well-established principles of law, such construction must be adopted as will give effect to each clause in a will. See *Oliphant* v. *Pumphrey* (1923), 193 Ind. 656, 141 N. E. 517. We are not unmindful of the rule that a bequest of personal property in general terms is sufficient to give to the legatee an absolute title, and where a general devise of real estate is coupled with a general bequest of personal property, such fact is sufficient to indicate an intention to devise the land in fee. But, in the will in question, it is sufficiently clear that it was the testator's intention to give his widow only a life estate in his real estate, and after her death said real estate was to go to his children named in the will, subject to the option given Paul T. Weitzmann by Item 6 of said will. See *Baker* v. *Riley* (1861), 16 Ind. 479; *Eubank* v. *Smiley* (1892), 130 Ind. 393, 29 N. E. 919; *John* v. *Bradbury, Admr.* (1884), 97 Ind. 263; *Jenkins* v. *Compton* (1890), 123 Ind. 117, 23 N. E. 1091.

When a fee simple title is devised by one clause of a will in clear and decisive terms, it cannot be cut down or modified by a subsequent clause which merely raises a doubt or leaves room for a contrary inference, nor by any subsequent words which are not as clear and decisive as those by which the estate is devised. But where such latter provisions clearly and distinctly show an intention to give an estate less than a fee simple, or clearly and unmistakably show an intention to make the devise subject to conditions, limitations

or restrictions which, under the law, necessarily cut down or destroy the estate devised, such intention cannot be ignored, and the will must be interpreted and carried into effect subject to such modifications, restrictions or subtractions as necessarily result from such provisions so clearly and definitely stated. *Fernstermaker* v. *Holman* (1902), 158 Ind. 71, 62 N. E. 699; *Reeder* v. *Antrim* (1915), 64 Ind. App. 83, 110 N. E. 568; *Oliphant* v. *Pumphrey, supra.*

The latter part of Item 3 of the will in the case at bar, which provides "and after her death it shall be divided equally among my children," is certainly as clear, definite, and certain as the previous clause in the same section. Where two provisions in a will are clearly specific and are so inconsistent that effect cannot be given to both, the later provision will control the former. See *Oliphant* v. *Pumphrey, supra; Hayes* v. *Martz* (1909), 173 Ind. 279, 89 N. E. 303, 90 N. E. 309.

Item 6 of said will provides: "If after my wife's death the store building on lot No. 3, Spencer's Second Addition, has to be sold and my son Paul T. Weitzmann wants to buy the same for business purposes he shall have the privilege to purchase the same for $16,000." It is disclosed by the record that Paul T. Weitzmann was engaged with his father in business for a number of years, and, by Item 3 of the will, he gave Paul his merchant tailoring stock and store furnishings, clearly showing his intention to assist and encourage his son in continuing in the business where he himself had been located for many years. The father had a right to discriminate between his children if he so desired, but the fact that he provided that Paul should have the privilege of buying said lot No. 3 for $16,000 is not conclusive proof of discrimination, as the lot might not have been worth more than the $16,000 at the time

the will was executed. Options such as the one just discussed, being personal ones, have been upheld by the courts and do not violate any rule against perpetuities. See *Watson* v. *Riley* (1917), 101 Nebr. 511, 164 N. W. 81; *Abens* v. *Kennedy* (1924), 314 Ill. 35, 145 N. E. 100; *Daly* v. *Daly* (1921), 299 Ill. 268, 132 N. E. 495; *Adams* v. *Adams* (1923), 95 W. Va. 187, 120 S. E. 590; *Mohn* v. *Mohn* (1910), 148 Iowa 288, 126 N. W. 1127. It having been shown that the real estate is to be sold under an order of court, appellant should have the right to purchase said lot No. 3 as provided in the will.

We hold that Item 6 of said will is valid, and that the court erred in sustaining the demurrer to the third partial answer and cross-complaint.

The judgment is reversed, with instructions to overrule the demurrer to the partial answer and cross-complaint, and for further proceedings not inconsistent with this opinion.