## OLIPHANT ET AL. v. PUMPHREY ET AL.

[No. 24,500.    Filed November 23, 1923.]

1. WILLS.— *Construction.— Testator's Intention.— Ambiguity.*— In case of doubt as to a testator's intention, the construction will be preferred which gives the property of the testator to those who would have inherited it if there had been no will. p. 660.

2. WILLS.—*Estate Devised.—General Devise.—Life Estate.— Exception.—Statute.*—A general devise of real estate gives the devisee only a life estate unless a contrary intent is expressed, which may be done by expressing such intent "in terms denoting the testator's intention to devise his entire interest" in such property, as provided by §3123 Burns 1914. p. 661.

3. WILLS.—*Construction.—All Parts Must be Given Effect.*—In ascertaining and giving effect to the testator's intention, all parts of the will must be taken into consideration, and, if it be possible, without violating the established rules of law as to the construction of wills, a construction must be adopted that will give effect to every sentence and clause of the will. p. 661.

4. WILLS.— *Construction.— Inconsistent Clauses.— Later Controls.*—Where two provisions of a will are equally definite and specific, and are so inconsistent and repugnant that effect cannot be given to both, a later clause will control one which precedes it in the will, as being the later expression of the testator's intent. p. 661.

5. WILLS.—*Estate Devised.—Second Childless Wife.—Life Estate.*—Where a testator devised certain real estate to his widow, who was a second childless wife, without defining the estate she should take, and declared that the land devised to her should, at her death, descend to his children by a previous marriage, and authorized his executors to sell his real and personal property without exception and, by a second codicil, devised specific lands to the widow "in lieu" of the real estate first devised to her, reciting therein that she was to take such devise "on the same terms and conditions as stated in the first named devise", and, except for substituting different land in

the devise to the widow, declared that "his former will shall in all other respects remain in force", the widow was given only a life estate in such land and, therefore, it did not descend to her heirs. p. 661.

From Decatur Circuit Court; *John W. Craig,* Judge.

Action to quiet title by Caroline Oliphant and others against Francis M. Pumphrey and others. From a judgment for defendants, the plaintiffs appeal. (Transferred from the Appellate Court under 2d subdivision §1394 Burns 1914.)  *Affirmed.*

*George L. Tremain* and *Rollin A. Turner,* for appellants.

*Hugh Wickens, John E. Osborn* and *Frank Hamilton,* for appellee.

EWBANK, J.—William Pumphrey died testate, the owner of certain real estate described in the second codicil of his will, leaving a childless widow, who was a sister of the appellants, and ten children by a former marriage, who are the appellees herein. The widow elected to take under the will and for a dozen years held possession of said real estate, and then died leaving the appellants as her sole heirs. They then sued to quiet title to the real estate so devised to her, alleging that, under the will of her husband and codicils thereto, she took a fee simple title which they had inherited from her. The complaint was in one paragraph, to which a demurrer was sustained, and this ruling is the only error assigned.

Appellants set out in their complaint as the foundation of their alleged title the will of William Pumphrey, dated July 23, 1895, a codicil dated September 1, 1900, and a second codicil dated March 8, 1905, all of which had been duly probated, and alleged their inheritance from his widow of what was thereby devised to her.

Omitting signatures and attestations, the will and codicils, respectively, read as follows:

*The will, dated July 23, 1895:* "Know all men by these presents that I, William Pumphrey of Decatur County, State of Indiana, do make and publish this, my last will and testament, revoking all wills by me heretofore made, especially a will made by me on the 24th day of May, 1883. Item 1st. It is my will that my wife, Fannie Pumphrey, in case of my death and that she survive me, shall take, in lieu of all her interest in my estate as widow, my dwelling house in the town of Burney, Decatur County, Indiana, together with the two lots on which my barn and garden stand; five hundred dollars in cash; also my household and kitchen furniture, except the parlor furniture, organ and such quilts as my daughter may own.

"Item 2nd. It is my will that all the remainder of my real and personal estate, after the payment of my just debts and funeral expenses, shall descend to my children subject to the advancements herein declared, which are as follows:

"I have advanced to my son Alonzo Pumphrey, four thousand dollars, in full of his portion and that he take nothing under this will.

"To my daughter, Adaline, thirty-three hundred dollars.

"To my son, Francis M. Pumphrey, twenty-five hundred dollars.

"To my son, James Pumphrey, twenty-five hundred dollars.

"To my son, William Pumphrey, Jr., nineteen hundred dollars.

"To my son, Edgar Pumphrey, twenty-one hundred dollars.

"To my daughter, Lizzie Alexander, twenty-one hundred dollars.

"To my daughter, Fannie Minor, three hundred and eighty dollars.

"To my daughters, May and Iva Pumphrey, I have advanced nothing.

"Item 3d. It is my will that the real estate hereinbefore devised to my wife, shall at her death descend to my children.

Item 4th. I hereby appoint my sons, James A. and Francis Pumphrey, executors of this my last

will, and I hereby authorize and empower them to sell at public or private sale in their discretion all of my real and personal estate in whole or in parcels as they may deem best, and that they advise and consult with my friend James K. Ewing, relative to the settlement of my estate."

*The first codicil dated September 1, 1900:* "I hereby declare an advancement of two thousand dollars to each of my children which makes them equal, except where I have advanced more as shown by my will, up to this date, and declare this to be a codicil to my foregoing will."

*The second codicil, dated March 8, 1905:* "Know all men that I, William Pumphrey of Burney, Indiana, do make and publish this codicil to my last will and testament heretofore made and still in force, to wit:

"In my former will I gave to my wife, Fannie, my former residence and four lots, to wit, lots 47 and 48 in Minor's 2nd addition to the town of Burney and a piece of ground lying east thereof 120 feet square and adjoining lots 47 and 48, which would be equal to two lots. I now give and devise to my wife in lieu of the above, the four lots and home where I now live, viz: Lots 53, 54, 55 and 56 in Minor's 2nd and 3d Addition all lying in one body. This is intended to revoke so much of my former will as conflicts with this last devise, which she takes on the same terms and conditions as stated in the first named devise and my former will shall in all other respects remain in force."

Counsel for the appellants rely on the established rules of construction that where real estate was devised by the same language by which the testator bequeathed personal property obviously intended to be consumed and destroyed in maintaining the legatee, it may be presumed, in the absence of language to the contrary, that the real estate was given by the same absolute title as the personal property; that a title in fee given by the first part of a will cannot be taken away or cut down by the words of any subsequent clause which do not clearly and distinctly evidence the testa-

tor's intent to do so; that the mere expression of a wish or desire as to the disposition after the wife's death of what had been devised to her in fee is not sufficient to take away or cut down the title in fee so devised; and that, so far as the second codicil made a disposition of the testator's property that was inconsistent with the terms of the original will, and so far as it expressly revoked the disposition which that will had made of his property, it must control, as being the latest expression of his purpose. And they rely on the devise in item one of both real and personal property, the statement therein that it is "in lieu of all her interest in my estate as widow", the fact that what the testator said in item three about the real estate descending to "my children" at the death of the widow is inconsistent with the stipulation in item two that his son Alonzo take nothing by the will, the fact that additional advancements had been made after the will was executed which were charged as such by the first codicil, and were presumably paid out of the property originally bequeathed by the will, and that the second codicil recited that "I now give and devise to my wife in lieu of the above," etc., and added that "this is intended to revoke so much of my former will as conflicts with this last devise", etc.

But other established rules of construction are that in case of doubt the construction will be preferred which gives the property to those who would have in-
1. herited it if there had been no will. *Kilgore* v. *Kilgore* (1890), 127 Ind. 276, 281 282, 26 N. E. 56; *Sigler* v. *Shelley* (1914), 56 Ind. App. 685, 691, 105 N. E. 403; *Crew* v. *Dixon* (1891), 129 Ind. 85, 90, 27 N. E. 728; *Wallace* v. *Cutsinger* (1917), 66 Ind. App. 185, 198, 115 N. E. 789; *Hancock, Trustee,* v. *Maynard* (1920), 72 Ind. App. 661, 671, 126 N. E. 451.

That a general devise of real estate gives the devisee only a life estate unless a contrary intent is expressed,

which may be done by expressing such general
2. devise "in terms denoting the testator's intention to devise his entire interest" in such property. §3123 Burns 1914, §2567 R. S. 1881; *Fenstermaker* v. *Holman* (1902), 158 Ind. 71, 74, 62 N. E. 699; *Keplinger* v. *Keplinger* (1916), 185 Ind. 81, 86, 113 N. E. 292; *Nickerson* v. *Hoover, Admr.* (1917), 70 Ind. App. 343, 353, 115 N. E. 591.

That in ascertaining and giving effect to the intention of the testator expressed in a will all parts of it must be taken into consideration, and if it be possible,
3. without departing from his general purpose expressed in the instrument as a whole or violating established principles of law, such a construction must be adopted as will give effect to every sentence and clause of the will. *Coon* v. *Coon* (1918), 178 Ind. 478, 485, 118 N. E. 820; *Porter* v. *Union Trust Co.* (1915), 182 Ind. 637, 642, 108 N. E. 117, Ann. Cas. 1917D 427. And that where two provisions in a will are equally specific, and are so inconsistent and
4. repugnant that effect cannot be given to both, a later clause will control one which precedes it in the will, as being the later expression of the testator's intent. *Hayes* v. *Martz* (1909), 173 Ind. 279, 288, 89 N. E. 303, 90 N. E. 309, and authorities cited; *Porter* v. *Union Trust Co., supra; Curry* v. *Curry* (1914), 58 Ind. App. 567, 578, 105 N. E. 951.

Examining the will and codicils in the light of these rules of construction, we note that the devise to the widow in item one of the original will was only
5. that she "shall take, in lieu of all her interest in my estate as widow", the property enumerated, without any statement that she should take title in fee simple, or should take all of the testator's interest therein, or any language tending to show that the testator meant to convey more than a life estate, except

so far as it may have been indicated by the fact that "$500 in cash," which would probably be spent, and certain furniture that might be worn out by use were bequeathed by the same language; that the third item is not limited to a request that the widow at her death shall make a certain disposition of the property thus given to her, or that what is left shall be given to the testator's children, but declares in positive terms that "it is my will that the real estate hereinbefore devised to my wife shall at her death descend to my children"; that item four authorizes and empowers the executors in their discretion to sell "all of my real and personal estate", without exception; that the second codicil devised to the widow the specific real estate in controversy, without including or mentioning any personal property, by using only the expression, "I now give and devise to my wife in lieu of the above (real estate first devised) the four lots and home where I now live", (describing them), without stating that the testator was devising the fee simple title, or all his interest; that the last clause of this second codicil recites that the widow is to take the devise therein made "on the same terms and conditions as stated in the first named devise", and except for substituting a devise of the new home for the devise of the former home, "my former will shall in all other respects remain in force"; and finally, that, under the statute (§3019 Burns 1914, Acts 1901 p. 554), the widow, not being the mother of testator's children, would have taken only a life estate if there had been no will.

From a consideration of these facts and of the foregoing rules of construction, we are convinced that the trial court correctly adjudged the complaint insufficient to show that the will and codicils gave the widow a title which descended to her heirs, or that she took anything more than a life estate. *Fenstermaker* v. *Hol-*

man, supra; Pate v. Bushong (1903), 161 Ind. 533, 69 N. E. 391, 63 L. R. A. 593, 100 Am. St. 287; Conover v. Cade (1916), 184 Ind. 604, 112 N. E. 7; Brookover v. Branyan (1916), 185 Ind. 1, 112 N. E. 769.

The judgment is affirmed.

Myers, J., absent, and not participating.