JACKSON *v.* HUNNICUT ET AL.

[No. 13,290.   Filed March 14, 1929.]

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons*, for appellant.

*E. C. Vaughn* and *John F. Decker*, for appellees.

McMAHAN, P. J.—Action by Mary A. Jackson, widow of Joseph L. Jackson, against appellees to quiet title to certain real estate in Wells county.   The facts were found specially, and, in so far as material, disclose that Joseph L. Jackson died in 1914, leaving as his sole and only heirs at law and beneficiaries under his will, Mary A. Jackson, his widow, and six children, who were named as defendants in the complaint and who are appellees in this court.   At the time of his death, the testator was the owner in fee of two tracts of land in Wells county.   One of these tracts contained ninety-two

and one-half acres, and is the land described in the complaint. The other tract contained ninety acres, and was by the will ordered sold, and the proceeds, after the payment of the debts of the testator, and other expenses, were to be divided among certain-named devisees, including the widow. That part of the will disposing of the real estate in controversy is as follows: "I give, devise and bequeath to my wife, Mary A. Jackson, my estate and property as follows (describing it). Said farm consists of ninety-two and one-half acres all personal property all household furniture all provisions all poultry all money and notes and accounts, all productions from the farm and the right and privilege to lease said farm for grain or any other product also the right to lease for oil or gas or any other purposes to have and hold for her maintenance as long as she remains my widow."

Construing the will as an entirety, we are satisfied that the court correctly concluded as a matter of law that appellant owns an estate in the real estate in question during widowhood, which may be extended to an estate for life.

Judgment affirmed.