WISE ET AL. *v.* WISE ET AL.

[No. 16,531. Filed May 26, 1941.]

*Edgar W. Atkinson* and *Hugh G. Sanders,* both of Auburn, for appellants.

*W. D. Stump,* of Auburn, for appellees.

STEVENSON, J.—The appellees, Stanley E. Wise, Eunice Wise Black, Margaret Kelly, John W. Kelly, Ruth Kelly, John L. Kelly, Elsie Lepley, and Grace Schumacher, brought this action for the partition of real estate, located in DeKalb County, Indiana.

Their complaint alleged that the appellees and the appellants were the owners in fee simple as tenants in common of one hundred and twenty acres of real estate in DeKalb County, Indiana. The complaint further alleged that said real estate was originally owned in fee simple by David Kutzner, who died testate in December, 1905. Item 4 of the will of said David Kutzner reads as follows:

> "I give and bequeath to my daughter Ida Wise wife of Edward Wise, my farm of one hundred and twenty acres, situated in DeKalb County, in the state of Indiana, as shown by Deed on record of said DeKalb County, Indiana, in record J. J. Page 303, which she now occupies, that is to say that my daughter shall have absolute possession and use of said farm during her natural life time, but in no way shall encumber the same, by mortgage or otherwise, and that after her death said farm shall descend to her children share and share alike. I intend hereby that said Edward S. Wise shall have no interest whatever in said farm after the death of said wife. I also give and bequeath to my said Daughter Ida Wise, promissory note of her husband, Ed S. Wise dated April 10, 1893, for one hundred sixty three dollars due one year after date with interest at six per cent from date until paid."

The complaint further alleged, that by virtue of said will, Ida Wise, the daughter of said David Kutzner, was bequeathed a life estate in the real estate described, and upon her death, which occurred on the 23rd day of December, 1938, her children, Stanley E. Wise, Eunice Wise Black, Effie B. DeQuoy, Elsie Lepley, Florence Powers, Grace Schumacher, Carrie Wise, and Russell

Wise, and her grandchildren, Margaret Kelly, John W. Kelly, and Ruth Kelly, children of her daughter Mary Kelly, deceased, became the owners as tenants in common of said real estate. The complaint set out the interest of each of the heirs above named, and asked that the real estate be sold, and the proceeds divided.

An answer in general denial closed the issues; and the court, after hearing the evidence, found for the appellees (plaintiffs below), that the allegations of the complaint were true, and partition was ordered. Motion for new trial was filed and overruled, and this appeal has been perfected.

The only error assigned in this court is the alleged error in overruling the appellants' motion for a new trial. Under this assignment of error, the appellants contend that Item 4 of the will of David Kutzner conveyed to Ida Wise a fee simple estate in the real estate described, and the children of Ida Wise obtained no interest therein by virtue of David Kutzner's will.

In passing upon this contention, this court must seek to determine the intent of the testator, and be guided thereby, in so far as it is possible so to do.

It is apparent to us from the reading of this will that the testator, David Kutzner, intended to give to his daughter, Ida Wise, a life estate only in the real estate described. The language of the will: "I give and bequeath to my daughter Ida Wise, my farm of one hundred and twenty acres" is qualified by the remainder of the sentence, "that is to say that my daughter shall have absolute possession and use of said farm during her natural life time." In the absence of words expressing a contrary intent, a bequest of real estate to a named person conveys only a life estate.

*Oliphant* v. *Pumphrey* (1923), 193 Ind. 656, 141 N. E. 517.

Similar language was before this court in the case of *Cain* v. *Robertson* (1901), 27 Ind. App. 198, 202, 61 N. E. 26, 27, wherein the court said:

> "The intention of the testator was that his wife should have an estate for her own life in the land described in item three. The introductory words: 'I give and devise to my beloved wife' are to be read in connection with the later phrase 'All of said lands during her natural life.' A life estate is thus created by clear and express terms."

The appellant contends, however, that by the addition of the provision "that after her death said farm shall descend to her children share and share alike" an intention to convey a fee simple title is thereby expressed. While the word "descend" ordinarily denotes a passing of title by inheritance, yet it is frequently given another interpretation when used in wills. As was said in the case of *Busick* v. *Busick* (1917), 65 Ind. App. 655, 115 N. E. 1025:

> "Likewise the word 'descend' is sometimes used in the sense of 'go' and will be held to have been so used where such meaning seems to more effectually carry out the intention of the testator."

This was obviously the meaning which the testator intended when he provided that the real estate bequeathed to his daughter should "descend" to her children "share and share alike."

If the testator intended that his daughter should be given a fee simple title, then the provision in his will, that at her death this real estate should descend to her children in equal shares, is meaningless. The laws of inheritance, if her children all survived, would have so cast the title, if the daughter died intestate.

We are further confirmed in our opinion that only a life estate was conveyed to Ida Wise by the sentence: "I intend hereby that said Edward S. Wise shall have no interest whatever in said farm after the death of said wife." Edward S. Wise was the husband of Ida Wise, and if an estate in fee simple were devised by Item 4 of the testator's will to the said Ida Wise, then the intention of the testator would be wholly frustrated. Edward S. Wise, if he survived his wife, would be entitled by law to an interest in the real estate devised to his wife in fee simple during her lifetime and owned by her at the time of her death. On the other hand, by conveying to his daughter a life estate only, the husband, Edward S. Wise, would have no interest therein after her death.

The further language of the will, that the said Ida Wise "in no way shall encumber the same by mortgage or otherwise," is also given effect by holding that the estate conveyed is a life estate only. Clearly, the remainder interest could not be encumbered by the life tenant; and at her death the possession of the real estate, free and unencumbered, passed to the children of the said Ida Wise. This was also the obvious intention of the testator.

The appellants insist that the case of *Lennen* v. *Craig* (1883), 95 Ind. 167, 168, is authority for their contention that the said Ida Wise was given a fee simple title to the real estate in question. We have examined this case, and think it can be easily distinguished. In that case, the testator gave and bequeathed all the rest and remainder of his estate, both real and personal, to his six children, as tenants in common, to share alike, "except that the share or portion of said Louisa Ellis shall descend to her and her children after her free from and beyond any control of her husband, the said

James Ellis." This item also contained the following provision: "I also direct that at the death or marriage of my wife, Amelia, the real estate set apart for her support, in item No. 2, shall immediately descend and belong *in fee simple,* as tenants in common, to all my children as in this item No. 5 provided." The Supreme Court held that this will gave to the said Louisa Ellis a fee simple title to the real estate involved. The court said at page 169: "The latter part of the fifth clause of the will, which provides that at the death or marriage of the testator's widow, the real estate, set apart to her in the second clause, shall descend and belong to all his children *in fee simple,* as provided in said fifth clause, manifests clearly, we think, his intention."

It will be noted that no such language as was used by the testator in the case of *Lennen* v. *Craig, supra,* is to be found in the case at bar. The manifest purpose of the testator in the *Lennen* v. *Craig* case was that his real estate should belong to all his children in fee simple, and language was expressly employed to denote that intention. To hold that Item 4, of the will of David Kutzner, gave to Ida Wise a fee simple title, would render inoperative the other provisions of the will, which were intended to exclude the husband from an interest therein, and to vest an estate in the children of Ida Wise.

It is a well recognized rule: "That in ascertaining and giving effect to the intention of the testator expressed in a will all parts of it must be taken into consideration, and if it be possible, without departing from his general purpose expressed in the instrument as a whole or violating established principles of law, such a construction must be adopted as will give effect to every sentence and clause of the will. *Coon* v. *Coon* (1918), 187 Ind. 478, 485, 118 N. E.

820; *Porter* v. *Union Trust Co.* (1915), 182 Ind. 637, 642, 108 N. E. 117." *Oliphant* v. *Pumphrey* (1923), 193 Ind. 656, 661, 141 N. E. 517, 518.

From a consideration of the foregoing rules of construction, we are convinced that the trial court was correct in holding that the will in question conveyed to Ida Wise a life estate only in the real estate described. The court committed no error in overruling the appellants' motion for a new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 34 N. E. (2d) 143.