**In the Matter of the Supervised ESTATE OF Retha M. KIRKENDALL, Deceased**

**Danny R. KIRKENDALL, Appellant–Defendant,**

**v.**

**Delmas H. KIRKENDALL, Personal Representative of The Estate of Retha M. Kirkendall, Appellee–Plaintiff,**

**and**

**Indiana Department of Natural Resources, Appellee–Defendant.**

**No. 34A02–9312–CV–662.**

Court of Appeals of Indiana, Second District.

Nov. 17, 1994.

Christopher E. Harvey, Schurger, Zurcher & Harvey, Decatur, for appellant.

L. Owen Bolinger, Bolinger Bolinger Welke & Kuntz, Kokomo, for Delmas H. Kirkendall, Personal Representative of Estate of Retha M. Kirkendall.

Pamela Carter, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for Indiana Dept. of Natural Resources.

KIRSCH, Judge.

Danny Kirkendall (Danny) appeals from a trial court order construing his mother's will as leaving her entire estate to the Indiana Department of Natural Resources (DNR). We affirm.

## ISSUES

We restate the issues for our review as:

1. Whether a failed residuary devise to Howard County should pass to the DNR as an alternate residuary devisee.

2. Whether a residuary devise to the DNR was dependent upon the validity of a realty devise to DNR.

## FACTS

Retha Kirkendall (Retha) executed her last will and testament on July 30, 1976. In her will, Retha devised a specific tract of Howard County real estate to the Board of Commissioners of that County, to be used as a public park and named Morrow Park in honor of her parents. Retha also devised any real estate she might own in Tipton County to the DNR and directed that such real estate was to be returned to its natural condition for the public's benefit. Before her death, Retha sold the Morrow Park real estate to the Kokomo Board of Park Commissioners. When Retha died in 1991, all of her Tipton County real estate was owned jointly with her husband Delmas as tenants by the entireties. At Retha's death it passed to him by operation of law.[1]

The residuary clause of Retha's will provided:

"All the rest and residue of my estate, whether real, personal or mixed and wheresoever the same may be situate shall be reduced to cash by my Executor and become a part of my residuary estate. My said residuary estate shall then be divided into two (2) equal parts, one of which said parts I give and devise to the Board of Commissioners of Howard County, Indiana and their successors in office for the purpose of the establishment and maintenance of "Morrow Park", if the bequest and devise herein contained to establish such park shall have been accepted by the said Board of Commissioners of Howard County, Indiana. Provided however, that if such Board of Commissioners of Howard County, Indiana should decline to accept the bequest hereinabove contained, for the establishment and maintenance of "Morrow Park", then this bequest shall fail. The remaining portion of the residuary part of my estate, I give and bequeath to the Indiana Department of Conservation (Natural Resources) for its use in the rehabilitation and restoration of the land herein devised to such Department."

*Record* at 11–12.

Retha's will further provided that she elected to devise nothing to her husband Delmas or her son Danny because Delmas had adequate resources available and Danny had already received a sufficient portion of her estate.

## DISCUSSION AND DECISION [2]

## ISSUE ONE: DOES THE FAILED RESIDUARY DEVISE TO HOWARD COUNTY PASS TO THE OTHER RESIDUARY DEVISEE, DNR

The paramount objective in construing a will is to determine and give effect

---

1. Apparently Delmas later donated this real estate to the DNR. No evidence of this transfer is contained in the record and it plays no part in our decision today.

2. The order Danny appeals from is not a final judgment as to all parties and issues. *Inter alia,* the order does not resolve claims made against the estate by Danny; it does not expressly provide that there is no just reason for delay; it does not expressly direct entry of judgment as to fewer than all of the parties or less than all of the issues before it; and it directs the DNR and the personal representative of Retha's estate to attempt to

agree whether the residuary devise to the DNR is subject to a precatory trust. Thus, under Ind.Trial Rule 54(B), the trial court's order is an interlocutory order and not an appealable final judgment. *See Krueger v. Bailey* (1980), Ind.App., 406 N.E.2d 665, 667.

Ind.Appellate Rule 4(E), in part, provides that: "No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, ... pass upon such adjudicated issues as are severable without prejudice to parties who

to the testator's true intent as expressed in the will. *Kilgore v. Kilgore* (1890), 127 Ind. 276, 279, 26 N.E. 56, 57; *Koch v. James* (1993), Ind.App., 616 N.E.2d 759, 762, *trans. denied.* To determine that intent, we must consider and, if possible, give effect to every provision, clause, term, and word of the will. *Matter of Estate of Walters* (1988), Ind.App., 519 N.E.2d 1270, 1272, *trans. denied.* Once the testator's intent has been determined, that intent is controlling and must be given effect so long as it is not contrary to law. *In re Eaton's Estate* (1975), 163 Ind.App. 486, 488, 324 N.E.2d 832, 834. If possible, we must uphold the provisions of a will, and construe it to give effect to the intent expressed in it rather than to frustrate that intent. *See Billings v. Deputy* (1925), 85 Ind.App. 248, 252–53, 146 N.E. 219, 221.

All parties[3] agree that the residuary devise to Howard County was contingent upon the County accepting the Morrow Park real estate and that the residuary devise would fail upon the County's refusal of the Morrow Park devise. They disagree as to the effect of that failure. The Estate and the DNR argue that the failure of the residuary devise to Howard County causes that devise to return to the residue and, thus, pass to the DNR. Danny argues that the failed residuary devise to Howard County cannot return to the residue and must pass, instead, under the rules of intestacy.

■ Danny correctly notes that the law favors construing a will to dispose of property in the same manner in which the law would have disposed of it had the deceased died intestate. *See McAvoy v. Sammons* (1967), 140 Ind.App. 552, 556, 224 N.E.2d 323, 325. Applied here, that rule would result in Danny sharing in his mother's estate.

In support of his argument, Danny quotes a noted treatise as follows:

"If the gift which fails is itself a part or all of the residue it cannot be said to pass into the residue for it is there already. It passes, as in cases of intestacy.... Even if the residue is given to two or more, the failure of the gift to one of the residuary devisees or legatees does not inure to the other, if it is not a gift to a class, or a gift to the residuary legatees as joint tenants, or if the will does not provide that the entire residuum should go to the survivor of the persons named as residuary legatees.... If testator has given a certain fraction of the residue to each beneficiary, he does not make any provision, in the absence of some gift over, for the case of failure of one of such shares; and while it seems likely, from the use of the residuary clause, that he did not intend to die intestate as to any of his property, that result is the one which is reached in the absence of statute."

*Brief of Appellant* at 11–12 [quoting 4 William J. Bowe et al., *Bowe–Parker Revision of Page on the Law of Wills* § 33.56, at 390–91 (1961 & Supp.1994)].

■ The quotation from *Page* in Appellant's Brief omits two portions of the original. The first omission is immaterial; the second is not: "That portion of the residuary gift which has thus failed passes as intestate property, *unless testator has indicated a contrary intention in the will* or some specific statutory provision regulates the devolution of the gift." *Page,* at 390 (emphasis added).[4] Here, Retha's will evidences the clear intent that none of her estate be inherited by either her husband or her son; allowing a portion of her estate to pass by intestacy would frustrate that intent. The rule of construction relied upon by Danny cannot apply where the testator's will clearly and unambiguously expresses a contrary intent. *Brown v. Union Trust Co. of Greensburg* (1951), 229 Ind. 404, 411, 98 N.E.2d 901, 904.

---

3. Howard County is not a party to this appeal.

4. This omission from the quotation is misleading. Counsel is reminded of his obligation under Ind.Professional Conduct Rule 3.3.

may be aggrieved by subsequent proceedings in the court below."
Here, we exercise our discretion to consider the severable adjudicated issues resolved by the court's order and challenged by Danny in order to facilitate their speedy resolution. *See Burke v. Wilfong* (1994), Ind.App., 638 N.E.2d 865, 868.

A residuary clause in a will should be liberally construed to avoid partial intestacy. *Coquillard v. Coquillard* (1916), 62 Ind. App. 426, 434, 113 N.E. 474, 476. The words used in the residuary clause should be given the widest possible scope and, if general in its terms, all property not otherwise disposed of and not specifically excepted from its operation should pass by virtue of its provisions. *Id.* The very fact that Retha made a will creates a presumption that it was intended to distribute her property; a construction of her will which would result in partial intestacy is contrary to that presumption and should be avoided in favor of any other reasonable construction. *See Schmidt v. National Bank of Logansport* (1952), 123 Ind. App. 1, 15, 106 N.E.2d 698, 704; *Hutchinson's Estate v. Arnt* (1936), 210 Ind. 509, 518, 1 N.E.2d 585, 589. Where, as here, the express language of the will manifests a dominant purpose or general plan of distribution, we will give it effect although the testator neglected to provide for the exact contingency which occurred. *See Matter of Geake* (1980), Ind.App., 398 N.E.2d 1375, 1377.

Consequently, when a will does not specifically provide for an alternate recipient in case of failure of a residuary devise, the testator's intent as expressed in the will determines whether the failed devise is inherited under the rules of intestacy or goes to an alternate residuary devisee. In the absence of an expression of the testator's intent, the failed residuary devise passes as intestate property.

Here, Retha's use of the words "the remaining portion" coupled with her clear expression of her intent that her property not pass to Danny and Delmas, her heirs at law, led the trial court to conclude that the entire residue should pass to the DNR. This construction is consistent with Retha's intent as expressed in her will. We find no error in the trial court's conclusion.

### ISSUE TWO: WAS THE RESIDUARY DEVISE TO DNR CONTINGENT UPON THE DEVISE OF REAL ESTATE TO IT

Retha's residuary devise to DNR provided DNR was to use such devise "in the rehabilitation and restoration of the land herein devised to such Department." Because Retha and her husband owned the Tipton County real estate as tenants by the entireties, on her death that real estate which the will purported to devise to DNR passed to her husband by operation of law. *See Citizens Nat'l Bank of Whitley County v. Stasell* (1980), Ind.App., 408 N.E.2d 587, 592–93, *reh'g denied* 415 N.E.2d 150 (1981). The devise of that real estate to the DNR therefore failed. *See Guynn v. Wabash County Loan & Trust Co.* (1913), 53 Ind.App. 391, 395, 101 N.E. 738, 739–40.

Danny argues that the residuary devise to the DNR was conditioned upon the DNR first receiving the Tipton County real estate and the failure of the latter, therefore, caused that residuary devise to fail. The trial court, however, found that the residuary devise to the DNR was not conditional or contingent upon the devise of the Tipton County real estate. We agree.

A testator may devise her property with attached terms or subject to conditions, regardless of how capricious or unreasonable the terms or conditions may seem, unless they violate some statute or established principle of law. *Doyle v. Paul* (1949), 119 Ind. App. 632, 639, 86 N.E.2d 98, 101, *trans. denied.* Here, the residuary devise to Howard County was a conditional devise; it specifically provided that it would fail if the County did not accept the Morrow Park real estate devise. But the language Retha used in her residuary devise to the DNR was not conditional or contingent upon the effectiveness of the devise of real estate to the DNR; only DNR's use of the residue was limited, not the inheritance of it.

If Retha had intended for the residuary devise to the DNR to be dependent upon its receipt of the Tipton County real estate, she could have used the same language she used to make the residuary devise to Howard County contingent upon its acceptance of the Morrow Park real estate. Retha's use of different language regarding the two residuary devises shows that she intended different results upon failure of each of the two devises of real estate. *See Forth v. Forth* (1980),

Ind.App., 409 N.E.2d 1107, 1113 (use of different words in similar situations implies that testator did not intend similar results).

Affirmed.

FRIEDLANDER and NAJAM, JJ., concur.