**Richard H. GLADDEN,
Appellant–Plaintiff,**

**v.**

**In the Matter of the Supervised Estate
of Willa C. JOLLY, Deceased,
Appellee–Defendant.**

**No. 91A02–9505–CV–291.**

Court of Appeals of Indiana.

Sept. 25, 1995.

Jerry D. Altman, Monticello, for appellant.

Robert H. Little, Brookston, for appellee.

## OPINION

KIRSCH, Judge.

Richard Gladden is an heir to the Estate of Willa Jolly. He appeals from a trial court order construing Jolly's will as limiting Gladden's right to occupy Jolly's former residence for only so long as Gladden lives there by himself.

We reverse.

## FACTS

In 1977, Gladden moved into Jolly's home (the Residence). At first Gladden paid rent, but in 1992 he stopped paying rent and, instead, worked around the house and cared for Jolly.

In her will, executed in 1982, Jolly specified that Gladden could continue to live in the Residence during his lifetime, for as long as he wanted. The pertinent will provisions are:

### ITEM III

"In appreciation for all that he has done for me, I give to Richard H. Gladden the right to live in my residence located in Chalmers, Indiana, during his lifetime for as long as he wishes, including with such right, the right to take possession of all household furnishings and furniture located in said residence and not specifically bequeathed elsewhere in this Will; provided, however, that said Richard H. Gladden shall pay all real estate taxes, insurance, and current mortgage payments for each month that he lives in said residence."

*Record* at 19. Jolly executed a codicil to her will in 1986 which modified her bequest to Gladden:

### PARAGRAPH I

"I hereby amend ITEM III of my Last Will and Testament to provide that the right to live in my residence is granted to Richard H. Gladden alone, and to provide that he shall pay all real estate taxes, insurance, current mortgage payments, and repairs."

*Record* at 22.

After Jolly's death in 1994, Gladden learned that Jolly's personal representatives interpreted her will as giving Gladden the right to live in the Residence only so long as he lived there by himself. Although the eighty-five-year-old Gladden was not married

and had no plans to marry, he petitioned the trial court to construe Jolly's will to determine whether he could share the Residence with a future wife or other person.

The trial court construed Jolly's will as giving Gladden "a personal right or privilege, not a life estate interest." *Record* at 93. That personal right or privilege allows Gladden "to live in the [Residence] and use the furnishings therein, for as long as he wishes, on the condition that he live there by himself, and on the condition that while living there he pay all real estate taxes, insurance, current mortgage payments, and repairs." *Record* at 95.

## ISSUES

Gladden raises several issues, which we restate as:

1. Whether the interest in the Residence devised to Gladden is a life estate or a mere right or privilege of occupation?

2. Whether Gladden's interest in the Residence is limited by a condition that he live there by himself?

## DISCUSSION AND DECISION

### Issue One: Did Jolly devise a life estate to Gladden

Our objective in construing a will is to determine and give effect to the testator's true intent as expressed in the will. *Matter of Estate of Kirkendall* (1994), Ind.App., 642 N.E.2d 548, 550–51. We must consider and give effect to every provision, clause, term and word of the will, if possible, to determine that intent. *Id.* Once the testator's intent has been determined, it is controlling and must be given effect so long as it is not contrary to law. *Id.* The provisions of a will must be upheld and construed to give effect to the intent expressed in it, if possible, rather than have that intent frustrated. *Id.*

A devise in a will need use no particular form or words to create a life estate.

See 29 I.L.E. *Wills,* § 256 (1960). A devise for or during the devisee's lifetime, or for as long as the devisee shall live, or until the devisee's death, or such similar phrase, creates a life estate in the devisee, unless other provisions show another intent. *Id.* For example, a provision in a will that "my daughter shall have absolute possession and use of said farm during her natural life time[,]" has been held to create a life estate. *Wise v. Wise* (1941), 109 Ind.App. 207, 210, 34 N.E.2d 143, 144.

Here, Jolly devised her residence to Gladden "during his lifetime[,]" subject to several conditions.[1] The language used in the devise clearly evidences Jolly's intent that Gladden have an interest in the Residence for his lifetime. The only recognized estate in land which satisfies Jolly's intent is a life estate. *See* 2 Richard R. Powell & Patrick J. Rohan, *Powell on Real Property* § 12.01[2] (1994). Moreover, interpreting Jolly's will to create a life estate is consistent with the condition in the will that Gladden pay all real estate taxes, *see Wilson v. White* (1893), 133 Ind. 614, 617, 33 N.E. 361, 362, and pay for repairs to the property, *see Kline v. Dowling* (1911), 176 Ind. 521, 524, 96 N.E. 579, 581. Because no other portion of her will evidences a contrary intent, we interpret Jolly's bequest to Gladden as that of a life estate in the Residence.

### Issue Two: May others live with Gladden in the Residence

The principal bone of contention between Gladden and Jolly's Estate is whether Gladden may have others[2] live with him in the Residence. Resolution of the dispute depends upon interpretation of paragraph 1 of the Codicil to Jolly's will. That paragraph amends the will to provide in part that "the right to live in [the Residence] is granted to Richard H. Gladden alone...." The Estate contends that the amendment allows Gladden to live in the Residence only so long as he

1. The inclusion of conditions is not inconsistent with interpreting the devise as a life estate. *See Jackson v. Hunnicut* (1929), 89 Ind.App. 11, 12, 165 N.E. 448, 449.

2. Apparently, as interpreted by the Estate, "others" is not limited to human companions and Gladden may be precluded from having "any companion of any type," including a pet. *See Record* at 135–36.

lives there by himself. Gladden disagrees, and so do we.

According to the Estate, the word "alone" modifies the clause "right to live," and Gladden must, therefore, live in the Residence by himself. We disagree. The right granted to Gladden by Jolly's will was granted to Gladden alone. That right was to live in the Residence subject to certain conditions; those conditions did not restrict Gladden to living alone in the Residence. The restriction imposed by use of the word alone is upon Gladden's right, not upon his mode of living. That is, only Gladden has the right to live in the Residence; he cannot sell his life estate, lease the Residence to others or allow others to live there without him. So long as Gladden personally exercises his right by living in the Residence and complies with the other conditions of the devise, he may share his home with whomsoever he wishes.

Reversed.

FRIEDLANDER and BAKER, JJ., concur.