Herbert MYERS, Personal Representative of the Estate of Anna H. Ellerbusch, Appellant–Plaintiff,

v.

Brenda Slocum ELLERBUSCH, Appellee–Defendant.

No. 87A01–0010–CV–358.

Court of Appeals of Indiana.

April 17, 2001.

F. Stephen Sheets, Evansville, IN, Attorney for Appellant.

John E. Hegeman, Amy E. Steinhart, Evansville, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant Herbert Myers (Myers), as personal representative of the estate of Anna H. Ellerbusch (Decedent), appeals the trial court's judgment in favor of Defendant Appellee Brenda Ellerbusch (Ellerbusch).

We affirm.

Myers presents one issue for our review, which we restate as: whether the trial court erred by entering judgment in favor of Ellerbusch regarding whether Ellerbusch should reimburse the estate for federal estate taxes it paid on real estate that passed to Ellerbusch upon the death of Decedent, her mother-in-law.

Decedent retained a life estate in real estate in which she gave Ellerbusch a remainder interest. Decedent died on April 6, 1997, and the real estate passed to

Ellerbusch. On behalf of the estate, Myers paid federal estate taxes, including an amount due for the real estate that had passed to Ellerbusch. Citing a section of the federal estate tax code, Myers then filed the instant action in an attempt to acquire reimbursement from Ellerbusch for the amount of taxes paid on the real estate she had received. The trial court entered judgment in favor of Ellerbusch based upon the language of Decedent's will. Myers now appeals that judgment.

Myers asserts that because Decedent's will did not include a cite to a particular section of the federal estate tax code, the estate is entitled to recover from Ellerbusch the tax paid on the real estate passed to Ellerbusch. The particular section of the tax code to which Myers refers is 26 U.S.C. § 2207B and is entitled "Right of recovery where decedent retained interest." This section provides:

(a) Estate tax. (1) In general. If any part of the gross estate on which tax has been paid consists of the value of property included in the gross estate by reason of section 2036 (relating to transfers with retained life estate), the decedent's estate shall be entitled to recover from the person receiving the property the amount which bears the same ratio to the total tax under this chapter which has been paid as—

(A) the value of such property, bears to

(B) the taxable estate.

(2) Decedent may otherwise direct by will. Paragraph (1) shall not apply if the decedent otherwise directs in a provision of his will (or a revocable trust) **specifically referring to this section** .

26 U.S.C. § 2207B (emphasis added).

Decedent's will provides as follows:

*ITEM ONE*

My executor shall pay from the residue of my estate all expenses of my last illness and funeral and burial, costs of administration, including ancillary, costs of safeguarding and delivering legacies, and other proper charges against my estate. My executor shall also pay from the residue of my estate all estate and inheritance taxes assessed by reason of my death whether with respect to property passing under this Will or property passing otherwise than under this Will and whether such taxes be payable by my estate or by any recipient of any such property. I waive for my estate all rights of reimbursement for any payments made pursuant to this item.

(R. 24). Because Decedent's will does not specifically cite 26 U.S.C. § 2207B in stating that all taxes should be paid from the residue of her estate, Myers argues that the estate should be allowed to recover from Ellerbusch the taxes paid on the real estate to which she acquired title.

■■■■■ The paramount objective in construing a will is to determine and give effect to the testator's true intent as expressed in the will. *Gladden v. Jolly*, 655 N.E.2d 590, 592 (Ind.Ct.App.1995). We must consider and give effect to every provision, clause and term of the will to determine that intent. *Id.* The testator's intent is controlling and must be given effect so long as it is not contrary to law. *Id.* In other words, we attempt, if at all possible, to uphold and to give effect to the testator's intent rather than have that intent frustrated. *Id.*

Our review of Item One discloses a clear central purpose. Debts, expenses, and estate and inheritance taxes are to be paid from the estate. That direction specifically includes any taxes assessed with respect to property not passing under the will and taxes that are payable by a recipient of

any such property. Additionally, the provision expressly waives, on behalf of the estate, all rights of reimbursement for any such payments made. Thus, although an actual reference to "26 U.S.C. 2207B(a)(2)" is not included in the will, the language contained in Item One meets the "specific reference" requirement.

Based upon the foregoing, we conclude that the trial court properly entered judgment in favor of Ellerbusch and ordered that Ellerbusch was not required to reimburse the estate for federal estate taxes it paid on real estate that passed to Ellerbusch upon the death of Decedent.

Affirmed.

DARDEN and MATTINGLY, JJ., concur.